UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT


Stephen Cole,                    :
    Plaintiff,                   :
                         :
    v.                           : File No. 2:07-CV-22
                         :
Donald Richardson,               :
and Paige & Campbell, Inc.       :
d/b/a Taylor-Palmer              :
Insurance Agency,                :
    Defendants.                  :


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 8)

Plaintiff Stephen Cole filed this diversity action against Defendants Donald Richardson and Paige & Campbell, Inc., d/b/a Taylor-Palmer Insurance Agency ("Paige & Campbell"). Cole alleges that Paige & Campbell was negligent when one of its agents asked him to turn on an electric heater which caused a house fire and injured Cole. The case is currently before the Court on Paige & Campbell's motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

<u>Background</u>

For purposes of this motion the following facts are taken as true.

On March 16, 2005, Stephen Cole was renting a house from Donald Richardson when water leaked into the basement causing considerable water damage to personal property. (Paper 1, ¶¶ 7-9).  Two days later Brian Fahey, an insurance agent employed by Paige & Campbell, Richardson's insurance broker, visited the house with Richardson's cousin to assess the damage.  (<u>Id.</u> at ¶ 11).  Fahey asked Cole if he would repair the plumbing leak and dry out the soaked items by turning on the electric heat in the basement.  (<u>Id.</u> at ¶ 12).  Cole agreed and turned on the electric heat in the basement at 6:00 p.m. on March 21st.  (<u>Id.</u> at ¶¶ 12, 14). At 3:30 a.m. Cole went to check on a noise he heard coming from the basement.  (<u>Id.</u> at ¶ 16).  A fire had started in the basement and when Cole opened the basement door he was blown back by the force of the fire, severely injuring him. (<u>Id.</u> at ¶ 16).

Cole brings negligence claims against both Richardson and Paige & Campbell.  (<u>Id.</u> at ¶¶ 20-26).  Cole alleges that Paige & Campbell was negligent because Fahey failed to

2

exercise due care in asking Cole to turn on the electric
heat and failing to warn Cole that the basement lacked smoke
detectors.  (<u>Id.</u> at ¶¶ 25, 26).

## Discussion

Paige & Campbell moves under Federal Rule of Civil
Procedure 12(b)(6) to dismiss the claim against it for
failure to state a claim on which relief can be granted.
Paige & Campbell argues that under the facts alleged in the
Complaint it had no duty to Cole and therefore cannot be
liable for negligence.  Paige & Campbell asserts that under
<u>O'Brien v. Island Corp.</u>, 157 Vt. 135, 137 (1991) ("holding
that there is no general duty for insurers to inspect"), its
status as insurer for the owner of the house does not give
rise to a duty to the tenant.  Paige & Campbell therefore
submits that the Court must engage in a balancing test to
determine whether a duty to third persons should exist under
these circumstances.[1]  Paige & Campbell argues that public
policy considerations weigh against imposing a duty and

---

[1] <u>See</u> <u>Langle v. Kurkul</u>, 146 Vt. 513, 519 (1986) ("We have previously
identified certain factors other than foreseeability in determining the
ultimate existence of a 'duty' to third persons.  These factors include: '...
the degree of certainty that the plaintiff suffered injury, the closeness of
the connection between the defendant's conduct and the injury suffered,
the moral blame attached to the defendant's conduct, the policy of preventing
future harm, the extent of the burden to the defendant and consequences to the
community of imposing a duty to exercise care with resulting liability for
breach, and the availability, cost, and prevalence of insurance for the risk
involved.'").

3

therefore the claim should be dismissed.

Cole, in response, argues that Paige & Campbell owed him a duty of reasonable care under the Restatement (Second) of Torts section 324A (1965) which addresses liability to third parties:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A. Cole asserts that Fahey's actions fit under subsections (a), (b), and (c) of section 324A. The Vermont Supreme Court has adopted section 324A. See Pratt v. Liberty Mut. Ins. Co., 952 F.2d 667, 669 (2nd Cir. 1992) (citing Derosia v. Liberty Mut. Ins. Co., 155 Vt. 178(1990)).

In applying section 324A, the Court must determine whether Paige & Campbell is "one who undertakes" services for Richardson ("another" and "the other" under the statute) and is subject to liability to Cole (the "third person").

4

I. Standard of Review

   Under Rule 12(b)(6), the Court may dismiss a case only if, while accepting as true all factual allegations set forth in the Complaint and drawing all reasonable inferences in plaintiff's favor, the plaintiff is still not entitled to relief under the law.[2]  In re Tamoxifen Citrate Antitrust Litig., 429 F.3d 370, 384-85 (2nd Cir. 2005), amended by 466 F.3d 187, 200-01 (2nd Cir. 2006).  Dismissal under Rule 12(b)(6) is only appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Field Day, LLC v. County of Suffolk, 463 F.3d 167, 192 (2nd Cir. 2006).

II. Duty under section 324A

   While Paige & Campbell's status as an insurance agent, standing alone, does not give rise to a duty to Cole, a duty could reasonably exist under the actions alleged in the Complaint.  In Derosia v. Liberty Mut. Ins. Co., 155 Vt. 178, 179-80 (1990), a worker was injured by a table saw lacking a safety guard.  The worker sued his employer's

---

[2] Cole has also attached an affidavit to his opposition restating the basic facts set forth in the Complaint. However, the Court must decide the motion on the pleadings alone.  Hayden v. County of Nassau, 180 F.3d 42, 54 (2nd Cir. 1999).

workers' compensation insurer for negligent inspection of the premises.  Id.  The insurer claimed it had no duty to the worker because the insurance contract contained no promise or obligation for the insurer to inspect the premises.  Id. at 182.  The court found that the contract did not give rise to a duty to the worker, but based on the insurer's actions a jury could find an undertaking that would give rise to liability under section 324A.  Id. at 185-86.  Here as in Derosia, Fahey's actions could be found to be an undertaking under section 324A even though he was not obligated to inspect the damaged house.

Section 324A requires an undertaking to render services to another which the actor should recognize as necessary for the protection of a third person.  First, under Pratt v. Liberty Mut. Ins. Co., 952 F.2d 667 (2nd Cir. 1992), the extent of Fahey's undertaking and therefore the extent of any duty is a question of fact for the jury.  Id. at 671. The jury could reasonably find that when Fahey visited the home with Richardson's cousin, he undertook to render services to Richardson by inspecting the basement or by advising Cole.  Second, taking all facts set forth in the Complaint as true, a jury could infer that Fahey recognized

6

that these services were necessary for the protection of
Cole, as the occupant of the house being inspected.
Therefore, the first part of section 324A is met.

Once the first part of section 324A is met, a duty will
exist if any of the three subsections may apply.  Subsection
324A(a) may apply if the actor's failure to exercise
reasonable care increased the risk of harm to the third
person.  Under the alleged facts, it would be reasonable to
infer that Fahey failed to exercise due care in asking Cole
to turn on the electric heat in a basement with no smoke
detectors, which increased the risk of the fire.  Subsection
324A(c) may apply if the harm was suffered because of the
reliance of the third person on the actor.  It would be
reasonable to infer under the facts alleged that Cole relied
on Fahey's advice to turn on the electric heat which caused
the fire.

When drawing all reasonable inferences in favor of Cole,
a duty may exist under subsection 324A(a) or 324A(c).  The
existence and scope of a duty under section 324A depends on
the nature and extent of the undertaking, which are
questions of fact for the jury.  <u>Pratt</u>, 952 F.2d at 671.
Therefore, Cole, after a reasonable period for discovery may

be able to show that Paige & Campbell breached a duty under 324A.  It would be inappropriate to dismiss the Complaint at this stage.

Conclusion

For the foregoing reasons, I recommend that the motion to dismiss be DENIED.

Dated at Burlington, in the District of Vermont, this 25th day of September, 2007.


/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).